**342**

STATE OF NEW JERSEY and Board of Public Utility Commissioners of The State of New Jersey, Plaintiffs,

v.

UNITED STATES of America, Interstate Commerce Commission, Erie Railroad Company and New York, Susquehanna and Western Railroad Company, Defendants.

Civ. A. No. 1003-58.

United States District Court
D. New Jersey.

Nov. 25, 1958.

Judgment Affirmed March 2, 1959.

See 79 S.Ct. 603.

David D. Furman, Atty. Gen., of State of New Jersey, and Howard T. Rosen, Newark, N. J., for plaintiffs.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Herman Scott, Asst. U. S. Atty., Newark, N. J., and Charles Esherick, New York City, for defendant Dept. of Justice.

Robert W. Ginnane, Washington, D. C., for defendant Interstate Commerce Commission.

Emory, Langan, Lamb & Blake, by Raymond T. Lamb, Jersey City, N. J., for defendant Erie R. Co.

Lum, Fairlie & Foster, Newark, N. J., by Leon Leighton, New York City, for defendant New York, S. and W. R. Co.

Before McLAUGHLIN, Circuit Judge, and SMITH and WORTENDYKE, District Judges.

WORTENDYKE, District Judge.

This case (Erie case) was heard together with that of State of New Jersey v. United States of America, D.C., 168 F.Supp. 324 (N. Y. Central case) on November 3, 1958. Both cases involved common questions of law and fact. Our opinion in the N. Y. Central case is being filed simultaneously herewith and will be referred to frequently herein.

Erie, like New York Central, operates a ferry across the Hudson River, between Jersey City, New Jersey, and New York City, as part of its line of railroad which enters its terminal in Jersey City. New York, Susquehanna and Western Railroad Company (Susquehanna) uses the Erie ferry for transportation to New York City of passengers discharged from its trains at the Erie's Jersey City terminal.

Erie and Susquehanna heretofore applied to the Interstate Commerce Commission for a certificate that the present and future public convenience and necessity permitted Erie's abandonment of its passenger ferry service across the Hudson River and the abandonment of the use thereof by Susquehanna. On June 26, 1957 the Commission issued such a certificate, accompanied by a re-

port of the full Commission (Erie R. Co. Ferry Abandonment, 295 I.C.C. 549). The State of New Jersey and its Board of Public Utility Commissioners were parties to the proceedings before the Interstate Commerce Commission. Prior to the effective date of the certificate of the Commission, the Board of Public Utility Commissioners of the State of New Jersey instituted an action in this Court to set aside the order of the Commission which permitted the abandonment of the passenger ferry service in question. This Court set aside the Commission's order. Board of Public Utility Commissioners of New Jersey v. United States of America, 1957, 158 F.Supp. 104. As in the parallel case involving the order of the Commission permitting the abandonment of passenger service upon ferries of the New York Central Railroad Company, Id., 158 F.Supp. 98, this Court held that the Commission was without authority under Section 1(18) of the Interstate Commerce Act, as amended by the Transportation Act of 1920, 41 Stat. 477, 49 U.S.C.A. § 1(18), to permit the railroads to discontinue passenger service on their ferries while continuing to maintain freight service thereon, since such discontinuance would not constitute abandonment of a portion of a railroad line as contemplated by the statute relied upon. We are told that that decision has been appealed to the Supreme Court of the United States. [See 78 S.Ct. 1358.]

On August 12, 1958 the Transportation Act of 1958, Pub.L. 85–625, 85th Cong. 2d Sess., became effective. That Act amended the Interstate Commerce Act, as previously amended, and added to Section 13 of Title 49 of the United States Code a new section numbered 13a. Subdivision (1) of this Section 13a authorized a carrier subject to the Act to discontinue in whole or in part the service of any ferry operating from a point in one State to a point in another State, by filing with the Interstate Commerce Commission and mailing to the Governor of each State in which the ferry is operated, and posting in every depot served thereby, notice of such discontinuance, at least thirty days in advance of the proposed taking effect thereof. This new subsection further provided that the Commission might enter upon an investigation of such proposed discontinuance, either upon complaint or upon its own initiative without complaint, and that such discontinuance might be accomplished, except as otherwise ordered by the Commission pursuant to the subsection, "the laws or constitution of any State, or the decision or order of, or the pendency of any proceeding before, any court or State authority to the contrary notwithstanding."

In accordance with the provisions of the foregoing sub-section, Erie and Susquehanna filed, mailed and posted notice of intention to discontinue passenger service upon the Erie ferry, and abandonment of the use thereof for such purpose. In this, as in the N. Y. Central case, plaintiffs filed with the Commission objections to the discontinuance of the ferry service. Before the expiration of the thirty day notice period prescribed by the section, the present action was instituted seeking similar relief to that sought in the N. Y. Central case and charging that the Transportation Act of 1958 was unconstitutional, that the Interstate Commerce Commission was obligated to grant the plaintiffs a hearing on their formal complaint filed with the Commission and that the Commission acted arbitrarily and capriciously in denying a hearing thereon. As in the N. Y. Central case we preliminarily enjoined the discontinuance of the ferry service. Erie and Susquehanna applied unsuccessfully, as did New York Central, to the Supreme Court of the United States for a stay of said preliminary injunction.

In this case and in the N. Y. Central case, we have been confronted with similar questions of law and in neither case are we called upon to resolve any issue of fact. For the reasons more fully set forth in our opinion in the N. Y. Central case, we reach a similar conclusion here, and the preliminary injunction granted in this case will be dissolved and the complaint therein dismissed.

McLAUGHLIN, Circuit Judge (dissenting).

This is a companion suit to Board of Public Utility Commissioners of New Jersey v. United States of America, 168 F.Supp. 324 in which an opinion of the court was filed today and to which I filed a dissenting opinion.

The cases were heard together and at this stage at least present similar issues of law and fact.

Section 13, paragraphs (1) and (2), controls the situation before us in this litigation as it does in the New York Central case.

The attempted notice of discontinuance by the Erie as part of its Section 13a(1) procedure has the same fatal defect as the New York Central notice.

The deliberate failure of Section 13a (1) to protect the right to be heard of the several states, their subdivisions and their citizens prior to the summary closing out of the Erie ferry system here involved raises a serious constitutional question under the Fifth Amendment.

I dissent from the majority opinion herein for the reasons stated in my New York Central dissent.